■ GARY POWELL, INC., Respondent-Appellant, v MENDEL/ BORG GROUP, INC., et al., Defendants, and ABE MENDEL et al., Appellants-Respondents. [655 NYS2d 558] —In an action, *inter alia*, to recover damages for breach of contract, (1) the defendants Abraham A. Mendel, sued herein as Abe Mendel, and Solomon J. Borg appeal from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered May 3, 1996, as denied those branches of the defendants' motion which were for partial summary judgment dismissing (a) the plaintiff's second cause of action insofar as asserted against them and (b) the plaintiff's fourth cause of action, and (2) the plaintiff cross-appeals from so much of the same order as

granted those branches of the defendants' motion which were for partial summary judgment dismissing the plaintiff's first and third causes of action insofar as asserted against the individual defendants.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendants' motion which were for partial summary judgment dismissing (a) the plaintiff's second cause of action insofar as asserted against the individual defendants Abraham A. Mendel and Solomon J. Borg and (b) the plaintiff's fourth cause of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the appellants-respondents.

The individual defendants Abraham A. Mendel, sued herein as Abe Mendel, and Solomon J. Borg are principals of the corporate defendant Mendel/Borg Group, Inc., the sole general partner of Pound Ridge Realty Co. (hereinafter PRRC), owner of a shopping center in Pound Ridge, New York. PRRC contracted for septic tank servicing from the plaintiff and it is undisputed that the plaintiff was not paid in full. The plaintiff contends that Mendel and Borg induced him to continue servicing the septic tank for PRRC by stating, "stick with us, we'll pay you".

The Supreme Court properly granted partial summary judgment dismissing the plaintiff's causes of action to recover damages for breach of contract and an account stated as asserted against the individual defendants. The alleged oral contract is a promise to answer for the debt of another, enforcement of which is barred by the Statute of Frauds (see, General Obligations Law § 5-701 [a] [2]). Contrary to the plaintiff's contention, the defendants' alleged promise did not create an independent duty to pay (see, Martin Roofing v Goldstein, 60 NY2d 262, 264, cert denied 466 US 905). Nor is the doctrine of promissory estoppel available to the plaintiff in this case, where the injury stems only from continued performance of its contractual obligations to PRRC, and does not involve a substantial change of position causing unconscionable injury (see, D & N Boening v Kirsch Beverages, 99 AD2d 522, affd 63 NY2d 449).

The court erred, however, in declining to dismiss the plaintiff's cause of action to recover damages in quantum meruit as asserted against the individual defendants. The services in this case were not performed for the benefit of Mendel and Borg. Further, there was an express contract between the plaintiff and PRRC governing the particular subject matter for

which the plaintiff seeks quantum meruit relief (*see, Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.*, 183 AD2d 758).

The plaintiff's fourth cause of action alleging fraud should also have been dismissed. The alleged misrepresentation is a statement of future intention and the plaintiff failed to prove that at the time Mendel and Borg made the statement in question they never intended to honor or act on their statement (*see, Karsanow v Kuehlewein*, 232 AD2d 458). Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.