■ JEANNE GILLETTE et al., Individually and as Parents and Guardians of AMY GILLETTE, an Infant, et al., Appellants, v CITY OF ELMIRA et al., Respondents, et al., Defendants. [727 NYS2d 821] —Spain, J. Appeal from an order of the Supreme Court (Castellino, J.), entered April 26, 2000 in Chemung County, which, *inter alia*, granted a motion by defendants City

of Elmira and Chemung County Humane Society and Society for the Prevention of Cruelty to Animals, Inc., for summary judgment dismissing the complaint against them.

In October 1996, Amy Gillette and Bobby Jo Fuller were attacked and bitten by two pit bull terriers after the dogs escaped through a hole in the fence surrounding the property rented by the dogs' owners in the City of Elmira, Chemung County. Thereafter, plaintiffs commenced this personal injury action, individually and on behalf of their respective children, against, *inter alia*, defendant City of Elmira and its contractor for animal control services, defendant Chemung County Humane Society and Society for the Prevention of Cruelty to Animals, Inc. (hereinafter the SPCA), alleging that the City and the SPCA (hereinafter collectively referred to as defendants) were negligent in failing to prevent the attack. Specifically, plaintiffs claimed that the SPCA had responded to two prior complaints involving the dogs, yet failed to seize or control the animals. Defendants moved for summary judgment dismissing the complaint against them, contending that they cannot be held liable in the absence of a special relationship between them and plaintiffs with regard to the governmental function of animal control. Supreme Court granted the motion and this appeal by plaintiffs ensued.

We affirm. It is well settled that a municipality cannot be held liable for injuries resulting from negligence in the performance of a governmental function absent a special relationship between the municipality and the injured party (*see, Kircher v City of Jamestown*, 74 NY2d 251, 255; *Cuffy v City of New York*, 69 NY2d 255, 260; *La Londe v Hurteau*, 239 AD2d 858, 859, *lv denied* 90 NY2d 807). The well-established elements of a special relationship are "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York, supra*, at 260; *accord, Grieshaber v City of Albany*, 279 AD2d 232, 234). We agree with Supreme Court that the absence of any direct contact between the injured parties—or their parents (*see, Sorichetti v City of New York*, 65 NY2d 461, 469)—and defendants is fatal to plaintiffs' cause of action (*see, Merced v City of New York*, 75 NY2d 798, 800; *Kircher v City of Jamestown, supra*, at 257; *Cuffy v City of New York, supra*, at 261-262). Moreover, notwithstanding

plaintiffs' assertion to the contrary, no special duty was created by the SPCA's prior involvement as the result of complaints about the dogs, as there is no basis for finding that plaintiffs relied on this involvement to their detriment (*see, Merced v City of New York, supra,* at 800; *Shinder v State of New York,* 62 NY2d 945; *cf., Zibbon v Town of Cheektowaga,* 51 AD2d 448, 453, *appeal dismissed* 39 NY2d 1056).

Cardona, P. J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.