■ THOMAS D'AMBRA et al., Individually and as Parents and Guardians of AGATHA D'AMBRA, an Infant, Appellants, v LAWRENCE DI DONNA, Defendant, and CITY OF SCHENECTADY et al., Respondents. [761 NYS2d 129] —Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 14, 2002 in Schenectady County, which granted certain defendants' motion for summary judgment dismissing the complaint against them.

Plaintiffs' infant daughter sustained injuries when, on October 2, 1999 in the Town of Clifton Park, Saratoga County, she was bitten by a dog owned by defendant Lawrence Di Donna. It is alleged that the dog, the apparent victim of neglect and maltreatment, had previously bitten two children on separate occasions at or near Di Donna's residence in the City of Schenectady, Schenectady County. Those two children lived with their mother, Sheila Brown, in the same apartment building as Di Donna and his dog. Following the second biting incident, Di Donna reacted by promising to get rid of the dog and did so, later informing Brown's brother that he had let the dog loose in Clifton Park. The next day, plaintiffs' daughter was bitten when she tried to approach the dog in the backyard of their Clifton Park home. Brown, who is not a party to this action, has asserted that defendant City of Schenectady was aware of the attacks against each of her children.

Plaintiffs commenced this action against the City of Schenectady, defendant City of Schenectady Animal Control Office (hereinafter collectively referred to as defendants) and Di Donna (who is not a party to this appeal). With respect to defendants, plaintiffs allege negligent failure to perform a governmental function by not taking steps to protect plaintiffs and their daughter from the dog. Defendants answered and, after discovery, moved for summary judgment on the ground that no special relationship existed between them and plaintiffs on which liability could be based. Supreme Court granted the

motion, dismissing plaintiffs' cause of action against defendants.[1] Plaintiffs appeal, and we affirm.

"It is well settled that a municipality cannot be held liable for injuries resulting from negligence in the performance of a governmental function absent a special relationship between the municipality and the injured party" (*Gillette v City of Elmira*, 285 AD2d 909, 910 [2001] [citations omitted]). To establish that a special relationship exists, a plaintiff must demonstrate " '(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking' " (*id.* at 910, quoting *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here, the absence of any direct contact between plaintiffs and defendants is fatal to plaintiffs' cause of action against them (*see Gillette v City of Elmira, supra; see also Merced v City of New York*, 75 NY2d 798, 800 [1990]; *Kircher v City of Jamestown*, 74 NY2d 251, 255 [1989]; *cf. Mastroianni v County of Suffolk*, 91 NY2d 198, 204 [1997]; *De Long v County of Erie*, 60 NY2d 296, 304 [1983]; *Stata v Village of Waterford*, 225 AD2d 163, 168 [1996]).

Indeed, plaintiffs concede that they had no direct contact with defendants concerning the dog. Plaintiffs assert instead that a special relationship existed between defendants and Brown's family which should vicariously extend to plaintiffs. Even assuming, without deciding, that Brown or some member of her family had a special relationship with defendants, such a relationship would not be transferable to plaintiffs under the circumstances presented. We recognize that the Court of Appeals carved out a limited exception to the direct contact prong of the special relationship test, holding that contact between a mother and a municipality's police department was relevant to establishing a special relationship between the mother's child and the municipality (*see Sorichetti v City of New York*, 65 NY2d 461, 469 [1985]). However, this deviation was subsequently explained "by the close relationship between the interests of the mother and those of the child, as well as by the fact that the mother's contact with the police had been initiated solely for the purpose of obtaining protection for the child,

---

1. The record does not reflect the basis upon which Supreme Court granted the motion.

who was herself helpless" (*Cuffy v City of New York, supra* at 261-262).[2]

The present case is easily distinguishable inasmuch as Brown and her family were strangers to plaintiffs (*see Kircher v City of Jamestown, supra* at 257-258) and uninvolved in the incident which resulted in plaintiffs' injuries in a separate municipality. Indeed, allowing plaintiffs—who share no closer relationship with Brown than does the general public—to piggyback on any previous dealings which Brown and/or her family had with defendants would run afoul of the purpose of the direct contact element of the special relationship test: "This element, which is conceptually related to the reliance element, exits first as a natural corollary of the need to show a 'special relationship' between the [plaintiffs] and the municipality, beyond the relationship with government that all citizens share in common. In addition, the 'direct contact' requirement serves as a basis for rationally limiting the class of citizens to whom the municipality's 'special duty' extends" (*Cuffy v City of New York, supra* at 261). Given the policy considerations for requiring direct contact between an injured party and a municipality prior to finding a special relationship and plaintiffs' failure to demonstrate any compelling circumstances to warrant deviating from that well-established rule, we conclude that no special relationship existed between plaintiffs and defendants.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** The existence of a Family Court order of protection contributed to the Court of Appeals' conclusion in *Sorichetti* (*see Cuffy v City of New York, supra* at 262).