■ PROSPECT PLAZA TENANT ASSOCIATION, INC., et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [783 NYS2d 563]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 11, 2004, which granted defendant's motion to dismiss the complaint in its entirety, unanimously affirmed, without costs.

Even according the complaint every favorable inference to which it is entitled, plaintiffs have failed to state a cause of action for breach of contract in light of the documentary evidence presented, and have failed to state a viable claim with respect to the four remaining causes of action.

The Memorandum of Understanding between the Tenant Association and defendant is clearly an agreement to agree, which obligated neither party (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). Defendant presented sufficient evidence to establish it had complied with all its obligations under the agreement with the Development Corporation. Defendant was not a party to the third agreement between the Parent Council and the Tenant Association, and thus bears no liability thereunder.

The second cause of action, for promissory estoppel, was properly dismissed since defendant was acting in its governmental capacity (*see Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 93 [1981]). The claim that it was acting in its contractual capacity fails because, as noted above, there is no viable claim for breach of contract. Nor have plaintiffs sufficiently pleaded the existence of "manifest injustice" so as to circumvent the proscription against invoking estoppel (*cf. Matter of Branca v Board of Educ., Sachem Cent. School Dist. at Holbrook*, 239 AD2d 494, 495 [1997]).

The third cause of action, for unjust enrichment, fails because of the absence of even a perfunctory showing as to what benefit was conferred upon defendant. The cause of action seeking to impose a constructive trust was also wanting; even though plaintiffs alleged a fiduciary relationship between defendant

and the Department of Housing and Urban Development, the grant specifically provided that there was no intention to confer third-party beneficiary status on any other party, including plaintiffs.

Finally, the allegation that defendant induced a breach of fiduciary duty on the part of some members of the Development Corporation board is deficient for vagueness and for failing to connect individual board members with alleged wrongdoing (*see* *WIT Holding Corp. v Klein*, 282 AD2d 527 [2001]). Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.