■ GARY VAN KLEECK, Appellant, v NANCY HAMMOND et al., Respondents. [811 NYS2d 452]—

Kane, J. Appeal from an order of the Supreme Court (Connor,

---

J.), entered November 29, 2004 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was employed in the police department of defendant Town of Lloyd in Ulster County, beginning in 1990. In the spring of 2000, the Town Board, consisting of the supervisor and the four individual defendants, established a full-time chief of police position. The Board hired plaintiff as a provisional chief with a personal services contract. Under the contract, plaintiff was required to take the next civil service examination for the position and be one of the top three scorers. In the fall of 2000, plaintiff and the Board learned that plaintiff failed the civil service examination. At that point, he inquired of the state retirement system about buying back military time in order to give himself 20 years in the retirement system and be eligible for retirement. Around the same time, the idea of retaining plaintiff as part-time chief was proposed to the Board and, according to plaintiff, the Board stated to him that it would have "no problem" with this option if he retired. A part-time chief is not required to pass the civil service exam.

In January 2001, plaintiff informed the Board that he was retiring effective March 31, 2001. Plaintiff maintains that until the night before his retirement, the Board assured him that he would be appointed part-time chief, and that he relied on these assurances in deciding to retire. Defendants claim that the Board, with the exception of the supervisor, was still discussing the possibility of abolishing the full-time chief position and reverting to a part-time chief, and that no decision had been made. Plaintiff retired as scheduled, though no formal determination had been reached. The Board did not appoint plaintiff as part-time chief, instead hiring someone else as full-time chief, prompting plaintiff to commence this action for fraud and negligence. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. Plaintiff appeals.

Estoppel is not available against defendants. The doctrine of equitable estoppel is not applicable to a municipality acting in a governmental capacity and carrying out its statutory duties (*see Pless v Town of Royalton,* 81 NY2d 1047, 1049 [1993]; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988], *appeal dismissed, cert denied* 488 US 801 [1988]). No exceptions to this general rule—for actions taken in a contractual or proprietary capacity—exist in this case; plaintiff specifically denied that he raised any breach of contract claim (*see Prospect Plaza Tenant Assn., Inc. v New York City Hous. Auth.,* 11 AD3d 400, 401 [2004]; *see also Matter of Karp v North Country Community*

*Coll.*, 258 AD2d 775, 776 [1999]). Based on the Board's actions in its governmental capacity to determine the proper organization and leadership of its police department, estoppel is unavailable here.

Supreme Court correctly granted defendants' motion for summary judgment on the fraud cause of action. "The elements of fraud include a misrepresentation, known by the defendant[s] to be false and made for the purpose of inducing the plaintiff to rely upon it, justifiable reliance and damages" (*Mora v RGB, Inc.*, 17 AD3d 849, 852 [2005] [citation omitted]). The misrepresentation must include "a present, but undisclosed, intent not to perform, not merely promissory statements regarding future acts" (*id.* at 852). Even assuming that defendants advised plaintiff that there would be "no problem" with the proposal to abolish the full-time chief position and appoint him to the part-time chief position after he retired, he unjustifiably relied on this vague assurance which was a promise regarding future acts. Plaintiff never got any signed writing acknowledging that the Board definitely intended to accept this proposal, as opposed to just considering it. He admitted that prior to his retirement taking effect, at least one Board member expressed her opinion that she did not intend to abolish the full-time chief position. Plaintiff was aware that a formal Board vote was necessary to switch from a full-time to part-time chief, and to appoint him to that new position. Yet he followed through with his retirement plans despite the lack of a firm commitment or formal action by the Board. His reliance on indefinite statements by Board members was not justified under the circumstances, requiring dismissal of his fraud claim.

Defendants were also entitled to summary judgment on the negligence cause of action. Municipalities are generally not liable for injuries resulting from negligence in the performance of their governmental functions unless there is a special relationship with the injured party (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Gillette v City of Elmira*, 285 AD2d 909, 910 [2001]). Plaintiff cannot establish a special relationship because one element of such a relationship is his justifiable reliance on the municipality's affirmative undertaking to act on his behalf (*see Cuffy v City of New York, supra* at 260; *Gillette v City of Elmira, supra* at 910). As noted above, even assuming that Board members told plaintiff that he was likely to be hired as part-time chief, it was unreasonable for plaintiff to retire in reliance on those statements knowing that some Board members had concerns about abolishing the full-time position and no formal Board action had been taken to establish a part-time po-

sition or appoint him. As he cannot prove a special relationship, he failed to establish the exception which would permit him to recover under a negligence theory.

Mercure, J.P., Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.