Joshua D. Rogowsky et al., Appellants, v Peter Mc-Garry, Respondent. [865 NYS2d 670]—

In an action, inter alia, to recover damages for breach of an oral agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 20, 2007, as, in effect, granted those branches of the defendant's motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, fifth, and ninth causes of action, and pursuant to CPLR 3212 for summary judgment dismissing those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs are the sons of Edward Rogowsky (hereinafter the decedent) who died in March 2001. For the last 15 years of his life, the decedent and the defendant lived together as life partners in a Brooklyn cooperative apartment (hereinafter the apartment). The decedent executed a will in December 1992, inter alia, naming the defendant as executor and bequeathing to

him his right, title, and interest in the apartment together with the proprietary lease. The decedent made monetary gifts to two nephews, but did not make any outright bequests to the plaintiffs except to name them as alternate beneficiaries of his residuary estate in the event the defendant predeceased him. In June 2001 the plaintiffs executed waiver and consent forms, and the decedent's will was admitted to probate in Surrogate's Court, Kings County. In November 2001 letters testamentary were granted to the defendant.

In January 2007 the plaintiffs commenced this action against the defendant claiming, inter alia, that the decedent, in the presence of the defendant, had expressed an intention prior to his death to bequeath his interest in the apartment to the plaintiffs. The plaintiffs alleged that the defendant promised to honor the decedent's wishes in exchange for the forbearance by the plaintiffs from contesting the decedent's will and that the defendant breached the agreement by selling the apartment and retaining the proceeds of sale.

The defendant moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the first, second, fifth, and ninth causes of action in the complaint and pursuant to CPLR 3212 for summary judgment dismissing those causes of action, and the Supreme Court granted the motion. We affirm the order insofar as appealed from.

The defendant established his prima facie entitlement to judgment as a matter of law on the first cause of action alleging breach of an oral agreement by coming forward with evidentiary proof that there was no enforceable agreement between the parties (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Matter of Morse*, 1 AD3d 516, 517 [2003]). The terms of the alleged agreement were vague and unclear (*see generally Dombrowski v Somers*, 41 NY2d 858, 859 [1977]). Moreover, the mere execution of the waivers and consents did not constitute valid consideration since the plaintiffs never petitioned to revoke the waivers and consents (*see generally Matter of Sisko*, 270 AD2d 276 [2000]) and never alleged that the decedent's will was the result of fraud, overreaching, or lack of testamentary capacity. While forbearance from the assertion of a legal right has long been held to constitute valid consideration, the plaintiffs under these circumstances did not forbear from seeking anything of value. Therefore, the Supreme Court properly awarded summary judgment to the defendant on this cause of action.

The causes of action sounding in fraud and unjust enrich-

ment were properly dismissed pursuant to CPLR 3211 (a) (7), as the underlying basis for these claims was the alleged breach of the oral agreement. Since the plaintiffs failed to allege that the defendant violated a legal duty independent of the purported oral agreement, they are unable to assert a viable cause of action sounding in fraud or unjust enrichment (see *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 672 [2006]; *Brown v Brown*, 12 AD3d 176, 176-177 [2004]; *Prospect Plaza Tenant Assn., Inc. v New York City Hous. Auth.*, 11 AD3d 400, 401 [2004]). Further, the cause of action sounding in promissory estoppel was also properly dismissed, as "there was no clear and unambiguous promise upon which the plaintiffs could have reasonably relied to sustain a cause of action for breach of contract on a theory of promissory estoppel" (*Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 409 [2005]).

The plaintiffs' remaining contentions either are without merit or have been rendered academic by our determination. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32983(U).]