■ ELI HALLIWELL, Appellant, v MICHAEL GORDON, Respondent. [878 NYS2d 137]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 16, 2008, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) or, alternatively, to dismiss the complaint, with prejudice, pursuant to CPLR 3211 (a) (10), for failure to join a necessary party.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendant's motion which were to dismiss the first, third, and seventh causes of action and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the complaint, with prejudice, pursuant to CPLR 3211 (a) (10), for failure to join a necessary party, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). Doing so here, the Supreme Court correctly granted those branches of the defendant's motion which were to dismiss the second, fourth, fifth, and sixth causes of action, but erred in granting those branches of the motion which were to dismiss the first, third, and seventh causes of action.

The consideration necessary to support a contract claim can consist of either a benefit to the promisor or a detriment to the promisee (*see Beitner v Becker*, 34 AD3d 406, 407 [2006]; *Anand v Wilson*, 32 AD3d 808, 809 [2006]). Here, the complaint alleges, among other things, that the plaintiff refrained from leaving his employment with the nonparty Bumble and Bumble (hereinafter Bumble) based upon the defendant's agreement to

pay him substantial remuneration upon the sale of the defendant's interest in that entity. Since forbearance to do an act that a person has a legal right to do constitutes consideration (*see Hamer v Sidway,* 124 NY 538, 545-546 [1891]; *Rogowsky v McGarry,* 55 AD3d 815 [2008]) and the plaintiff, as an at-will employee of Bumble, had a legal right to leave his employment with Bumble at any time (*see Gill v Pathmark Stores,* 237 AD2d 563, 564 [1997]; *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 509 [1987]), the complaint alleges the necessary element of consideration (*see Kaplan v Aspen Knolls Corp.,* 290 F Supp 2d 335, 338 [2003]). Thus, the defendant was not entitled to dismissal of the first cause of action, alleging breach of contract, for failure to allege consideration.

The defendant also was not entitled to dismissal of the third cause of action, alleging unjust enrichment, and seventh cause of action, in quantum meruit. Where, as here, there is a bona fide dispute as to the existence of a contract, a plaintiff may proceed alternatively upon quasi-contractual theories (*see Hochman v LaRea,* 14 AD3d 653, 654-655 [2005]; *Zuccarini v Ziff-Davis Media,* 306 AD2d 404, 405 [2003]).

However, the defendant was entitled to dismissal of the second and fourth causes of action, alleging misrepresentation and fraudulent inducement, respectively, the fifth cause of action, based upon promissory estoppel, and the sixth cause of action, seeking the imposition of a constructive trust. The second cause of action failed to plead any facts alleging the existence of "special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff," as is required with respect to such a claim (*J.A.O. Acquisition Corp. v Stavitsky,* 8 NY3d 144, 148 [2007]). A cause of action to recover damages for fraud does not lie where the only fraud claimed relates to an alleged breach of contract (*see Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.,* 46 AD3d 747, 749 [2007]; *Page v Muze, Inc.,* 270 AD2d 401 [2000]). Here, the fraud claims not only arose out of the identical circumstances as the cause of action alleging breach of contract, but were based upon identical allegations in the complaint (*see Morgan v Smith Corp.,* 265 AD2d 536 [1999]; *Purnavel v Tel-A-Car of N.Y.,* 204 AD2d 297 [1994]). Recovery under the doctrine of promissory estoppel is limited to cases where the promisee suffered unconscionable injury (*see Dunn v B&H Assoc.,* 295 AD2d 396, 397 [2002]; *Gary Powell, Inc. v Mendel/Borg Group,* 237 AD2d 407, 408 [1997]; *D & N Boening v Kirsch Beverages,* 99 AD2d 522, 523-524 [1984], *affd* 63 NY2d 449 [1984]). The plaintiff failed to allege such injury here. The sixth cause of action, seeking the

imposition of a constructive trust, failed to allege a transfer of funds in reliance on the defendant's alleged promise, which is a necessary element of such a claim (see *Williams v Eason,* 49 AD3d 866, 868 [2008]).

The plaintiff's remaining contentions regarding the sufficiency of the complaint are without merit.

Finally, the Supreme Court erred in granting that branch of the defendant's motion which was to dismiss the complaint, with prejudice, on the alternative ground that the plaintiff failed to join Bumble as a necessary party. The defendant failed to demonstrate that Bumble needed to be a party if complete relief was to be accorded between the parties or that Bumble would be inequitably affected by a judgment in this action if it were not joined (see CPLR 1001 [a]; *Spector v Toys "R" Us, Inc.,* 12 AD3d 358, 359 [2004]). Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.