■ Elaine Sutton, as Executor of Henry Piotrowski, Deceased, Appellant, v City of New York et al., Respondents.
[990 NYS2d 546]—

In an action to recover damages for conscious pain and suffering and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 13, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 1, 2008, 90-year-old Henry Piotrowski (hereinafter the decedent), while in his backyard, was attacked by two dogs. The decedent sustained extensive injuries, which ultimately were fatal, and he died on August 17, 2008. Thereafter, the plaintiff, as executor of the decedent's estate, commenced this action against the City of New York, the New York City Police Department, and the New York City Department of Health and Mental Hygiene (hereinafter collectively the City), alleging that the decedent's death was caused by the City's negligence in failing to adequately respond to the numerous complaints made about the subject dogs in the three months prior to the incident. The City moved, inter alia, for summary judgment dismissing the complaint, contending that it could not be liable for any negligence because there was no special relationship between the City and the decedent. The Supreme Court granted that branch of the City's motion which was for summary judgment dismissing the complaint, finding that the plaintiff failed to raise a triable issue of fact as to the existence of a special relationship between the City and the decedent.

" 'A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation' " (McLean v City of New York, 12 NY3d 194, 199 [2009], quoting Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; see Kupferstein v City of New York, 101 AD3d 952, 954 [2012]).

As for the first way of forming a special relationship, contrary to the plaintiff's contention, a private right of action may not be

fairly implied from Agriculture and Markets Law § 123 (*see Pelaez v Seide*, 2 NY3d at 200). The Supreme Court properly determined that the recognition of a private right of action would be inconsistent with the legislative scheme underlying Agriculture and Markets Law § 123 (*see Cruz v TD Bank, N.A.*, 22 NY3d 61, 76-77 [2013]; *Metz v State of New York*, 20 NY3d 175, 180-181 [2012]; *Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 40-42 [1999]; *McLean v City of New York*, 12 NY3d at 200-201). Accordingly, no special relationship was created between the City and the decedent through the breach of a statutory duty.

As for the second way of forming a special relationship, the City met its prima facie burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence that it did not voluntarily assume a duty toward the decedent. To demonstrate that a municipality voluntarily assumed an affirmative duty and a plaintiff justifiably relied on the municipality's undertaking, four elements must be shown: "(1) an assumption by a municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of a municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Pelaez v Seide*, 2 NY3d at 202; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here, the City established and the plaintiff concedes that the decedent never made direct contact with the City, and the circumstances here did not give rise to one of the narrow exceptions to this requirement (*see Laratro v City of New York*, 8 NY3d 79, 84 [2006]; *Merced v City of New York*, 75 NY2d 798, 800 [1990]; *Kircher v City of Jamestown*, 74 NY2d 251, 253-254 [1989]; *Etienne v New York City Police Dept.*, 37 AD3d 647, 649 [2007]; *D'Ambra v Di Donna*, 305 AD2d 958, 959 [2003]). The absence of direct contact negates the existence of a special relationship pursuant to the City's voluntary assumption of a duty to the decedent (*see Gillette v City of Elmira*, 285 AD2d 909, 910 [2001]).

As for the third way of forming a special relationship, which has been recognized in only rare circumstances, the City must affirmatively act to place the plaintiff in harm's way (*see Garrett v Holiday Inns*, 58 NY2d 253, 262 [1983]; *Smullen v City of New York*, 28 NY2d 66, 70-72 [1971]; *Abraham v City of New York*, 39 AD3d 21, 28 [2007]; *Pinkney v City of New York*, 50 AD2d 928, 930 [1975], *affd* 40 NY2d 1004 [1976]; *Gotlin v City of New York*, 26 Misc 3d 514, 519 [2009]). Contrary to the

plaintiff's contention, the evidence established, prima facie, that the City did not take positive direction and control in the face of a known, blatant, and dangerous safety violation. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not allege that the City affirmatively acted to place the decedent in harm's way, for instance by falsely representing to the decedent that the subject dogs had been confiscated when they had not. Rather, the plaintiff alleged only that the City failed to act, conduct which is insufficient to create a special relationship under this analysis (*see Pinkney v City of New York*, 50 AD2d at 930; *Abraham v City of New York*, 39 AD3d at 28).

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint. Since the plaintiff was unable to overcome the threshold issue of establishing that the City owed the decedent a duty to act, there is no need to address her remaining argument as to whether the City's conduct was ministerial or discretionary for the purpose of determining the availability of the governmental immunity defense (*see Valdez v City of New York*, 18 NY3d 69, 80 [2011]; *McLean v City of New York*, 12 NY3d at 203). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.