Szydlowski v Town of Bethlehem (2018 NY Slip Op 04066)





Szydlowski v Town of Bethlehem


2018 NY Slip Op 04066


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525747

[*1]FRANCIS J. SZYDLOWSKI et al., Respondents,
v
TOWN OF BETHLEHEM, Appellant, et al., Defendants.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Terry Rice, Suffern, for appellant.
Tully Rinckey PLLC, New York City (Nicholas A. Devyatkin of counsel), for respondents.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Ryba, J.), entered January 13, 2017 in Albany County, which denied a motion by defendant Town of Bethlehem to dismiss the complaint against it.
Defendant Normanskill Creek, LLC (hereinafter Normanskill) operates a golf course on property owned by defendant 165 Salisbury Road LLC that is located in the Town of Bethlehem, Albany County. Normanskill allowed fill to be placed on the property at the top of the bank of the Normans Kill Creek. The filling occurred for at least several weeks despite no permit
having been issued by defendant Town of Bethlehem as required by Code of the Town of Bethlehem § 128-49. The Town eventually advised Normanskill that it needed to apply for a fill permit; Normanskill applied and the Town granted a permit. A short time later, the Town determined that the permit had been exceeded and ordered that dumping cease.
A few weeks later, a landslide occurred at the property, causing approximately 120,000 cubic yards of earth and debris to slide into Normans Kill Creek. Plaintiffs filed a complaint alleging that defendants' negligence caused damming of the creek and flooding of their property, which is located on Normanside Drive in the City of Albany and is adjacent to the Normans Kill Creek. Specifically, plaintiffs alleged that the Town was negligent in the issuance of the fill [*2]permit to Normanskill and in its enforcement and administration of the Town Code. The Town moved to dismiss the complaint against it and Supreme Court denied the motion [FN1]. The Town appeals.
"[O]n a motion to dismiss for failure to state a claim, the court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff[s] the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (Skibinsky v State Farm Fire & Cas. Co., 6 AD3d 975, 976 [2004] [internal quotation marks and citation omitted]; see CPLR 3211 [a] [7]; Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]). To hold a municipality liable for negligence in relation to its governmental, as opposed to proprietary, functions, the plaintiff must show that the municipality owed him or her a special duty beyond that owed to the public at large (see Valdez v City of New York, 18 NY3d 69, 75 [2011]; McLean v City of New York, 12 NY3d 194, 199, 202-203 [2009]). A special duty "is found when a special relationship exists between the municipality and an individual or class of persons, warranting the imposition of a duty to use reasonable care for those persons' benefit" (Garrett v Holiday Inns, 58 NY2d 253, 261 [1983]). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]; McLean v City of New York, 12 NY3d at 199).
"To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action" (Signature Health Ctr., LLC v State of New York, 92 AD3d 11, 14 [2011], lv denied 19 NY3d 811 [2012]; see Abraham v City of New York, 39 AD3d 21, 25 [2007], lv denied 10 NY3d 707 [2008]). Plaintiffs assert that the Town violated Code of the Town of Bethlehem § 128-49, but that section does not authorize a private right of action. Thus, no special relationship was formed through breach of a statutory duty.
To establish that a municipality created a special relationship by voluntarily assuming a duty, a plaintiff must show: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260 [1987]; accord Tara N.P. v Western Suffolk Bd. of Coop Educ. Servs., 28 NY3d 709, 714 [2017]; McLean v City of New York, 12 NY3d at 201; see Trimble v City of Albany, 144 AD3d 1484, 1486 [2016]). Plaintiffs failed to allege any assumption by the Town to act on their behalf, any direct contact between them and any agent of the Town or any justifiable reliance by plaintiffs (see McLean v City of New York, 12 NY3d at 201; Sutton v City of New York, 119 AD3d 851, 852 [2014], lv denied 24 NY3d 918 [2015]).
As for the third way of forming a special relationship, the municipality must not only [*3]assume positive direction or control when a known, blatant and dangerous safety violation exists, but must "affirmatively act to place the plaintiff in harm's way," through words or conduct that "induc[e] the plaintiff to embark on a dangerous course he or she would otherwise have avoided" (Abraham v City of New York, 39 AD3d at 28 [latter emphasis added]; see Sutton v City of New York, 119 AD3d at 852; see also Garrett v Holiday Inns, 58 NY2d at 262). Although we recently held that Normanskill and 165 Salisbury Road alleged a special relationship with the Town on this basis (see Normanskill Creek LLC v Town of Bethlehem, 160 AD3d 1249, 1252 [2018]), the alleged safety violation existed on property owned or leased by those parties. They were in a markedly different position than plaintiffs.
Plaintiffs are removed from the Normanskill property that was directly affected by the fill and permit activities, and the complaint contains no allegations that plaintiffs were even aware of, or had contact with any of the parties involved in, those activities. The allegations provide no indication of how plaintiffs could have been induced by the Town to embark on any course of action, let alone a dangerous one that they would otherwise have avoided (compare Goudreau v City of Rensselaer, 134 AD2d 709, 709, 711 [1987]). Thus, the complaint does not allege a special relationship between the Town and plaintiffs (see Sutton v City of New York, 119 AD3d at 852-853; Abraham v City of New York, 39 AD3d at 28). Because plaintiffs did not allege facts establishing that the Town owed them a duty, the complaint fails to state a negligence cause of action against the Town.
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and complaint dismissed against defendant Town of Bethlehem.



Footnotes

Footnote 1: Normanskill and 165 Salisbury Road LLC commenced a separate action against the Town, the Town moved to dismiss that complaint and we recently affirmed Supreme Court's denial of that motion (Normanskill Creek LLC v Town of Bethlehem, 160 AD3d 1249 [2018]).