Morrow v Vibration Mountings & Controls, Inc. (2024 NY Slip Op 00188)

Morrow v Vibration Mountings & Controls, Inc.

2024 NY Slip Op 00188

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-06102
 (Index No. 602803/19)

[*1]Robert L. Morrow, etc., appellant-respondent,
v
Vibration Mountings & Controls, Inc., et al., respondents-appellants.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (James F. Murphy of counsel), for appellant-respondent.
Cole Schotz P.C., New York, NY (Steven L. Klepper and Bradley P. Pollina of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated July 20, 2021. The order, insofar as appealed from, sua sponte, converted the first cause of action from one alleging breach of contract to one alleging promissory estoppel. The order, insofar as cross-appealed from, upon converting the first cause of action from one alleging breach of contract to one alleging promissory estoppel, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, converted the first cause of action from one alleging breach of contract to one alleging promissory estoppel is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was employed by the defendants from 2002 to 2013. On February 8, 2019, the plaintiff commenced this action against the defendants, alleging that they breached an agreement to issue him "phantom stock" in an amount equivalent to a 1.5% interest in the defendants. The first cause of action alleged breach of contract.
In September 2019, the defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint as time-barred and for failure to state a cause of action. By order dated July 20, 2021, the Supreme Court, inter alia, determined that the plaintiff failed to state a cause of action [*2]for breach of contract. However, instead of granting that branch of the defendants' motion which was to dismiss the first cause of action, the court, sua sponte, converted the first cause of action from one alleging breach of contract to one alleging promissory estoppel. The court determined that the plaintiff stated a cause of action for promissory estoppel and that the cause of action was not time-barred and, accordingly, denied that branch of the defendants' motion which was to dismiss the first cause of action. The plaintiff appeals, and the defendants cross-appeal.
Contrary to the Supreme Court's determination, the plaintiff adequately stated a cause of action for breach of contract. "The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893 [internal quotation marks omitted]). "Consideration to support an agreement exists where there is either a benefit to the promisor or a detriment to the promisee" (Hollander v Lipman, 65 AD3d 1086, 1087 [internal quotation marks omitted]; see Halliwell v Gordon, 61 AD3d 932, 933). "[F]orebearance to do an act that a person has a legal right to do constitutes consideration" (Halliwell v Gordon, 61 AD3d at 934; see Zellner v Stephen D. Conrad, M.D., P.C., 183 AD2d 250). Here, contrary to the defendants' contentions, the plaintiff adequately alleged that the agreement was supported by consideration. Because the plaintiff was an at-will employee, forebearance of his right to leave his employment with the defendants constituted consideration (see Halliwell v Gordon, 61 AD3d at 934; Zellner v Stephen D. Conrad, M.D., P.C., 183 AD2d 250). Furthermore, the plaintiff adequately alleged the specific terms and conditions of the agreement (cf. Mandarin Trading Ltd v Wildenstein, 16 NY3d 173).
Contrary to the defendants' contentions, the Supreme Court properly denied dismissal of the first cause of action pursuant to CPLR 3211(a)(5) as time-barred. On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant "bears the initial burden of [establishing], prima facie, that the time in which to sue has expired" (Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778 [internal quotation marks omitted]; see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029). "The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action was interposed within the applicable statute of limitations" (Kogut v Village of Chestnut Ridge, 214 AD3d at 778-779). The statute of limitations for a cause of action alleging breach of contract is six years (see CPLR 213[2]). "A breach of contract cause of action accrues at the time of the breach" (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402).
Here, the defendants failed to establish, prima facie, that the six-year statute of limitations expired. Contrary to their contention, an email from John Wilson dated February 1, 2013, did not conclusively indicate that the defendants would not issue phantom stock to the plaintiff. Thus, the breach of contract cause of action did not accrue until the plaintiff resigned from his position on February 21, 2013, and the plaintiff timely asserted this cause of action when he commenced this action on February 8, 2019.
The parties' remaining contentions need not be addressed in light of our determination.
Accordingly, the Supreme Court should not have converted the first cause of action from one alleging breach of contract to one alleging promissory estoppel, and we affirm the denial of that branch of the defendants' motion which was to dismiss the first cause of action.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court