Noto v Planck, LLC (2024 NY Slip Op 01517)

Noto v Planck, LLC

2024 NY Slip Op 01517

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 155149/22 Appeal No. 1889 Case No. 2023-04830 

[*1]Damian Noto, Appellant,
v
Planck, LLC, Doing Business as Patch Media, et al., Respondents.

Kaiser Saurborn & Mair, P.C., New York (Daniel J. Kaiser of counsel), for appellant.
Judd Burstein, P.C., New York (Judd Burstein of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about March 21, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims for breach of contract for failing to provide him 75 equity units in defendant Planck, LLC d/b/a Patch Media and 3% of defendant Hawking LLC d/b/a Market News International, unanimously modified, on the law, to deny dismissal of his claim for 75 equity units, and otherwise affirmed, without costs.
The elements of a cause of action for breach of contract are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). The agreement must be supported by consideration, which consists of either a benefit to the promisor or a detriment to the promisee (see Lebedev v Blavatnik, 193 AD3d 175, 183 [1st Dept 2021]). Consideration may consist of an at-will employee's decision to continue his employment, or to refrain from doing an act that the employee has a legal right to do (see Halliwell v Gordon, 61 AD3d 932, 933-934 [2d Dept 2009]; cf. Tierney v Capricorn Invs., 189 AD2d 629 [1st Dept 1993], lv denied 81 NY2d 710 [no consideration for alleged promise to pay employee compensation greater than that set forth in the employment agreement as the plaintiff already obliged to continue employment under written employment contract]).
The complaint, supported by plaintiff's affidavit, alleges that he was promised 75 equity units in Planck, LLC d/b/a Patch Media (Patch), in part, as consideration to refrain from leaving his employment with the company. Accepting these allegations as true and according plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), he has sufficiently pled a cause of action for breach of contract with respect to the 75 equity units in Patch.
Plaintiff, however, failed to raise any arguments on appeal with respect to the motion court's denial of his claim for 3% of MNI as against defendants Patch and MNI (see Shmuklyer v Feintuch Communications, Inc., 158 AD3d 469, 470 [1st Dept 2018]). In any event, the motion court correctly dismissed this claim against Patch and MNI, who were not alleged to be parties to this oral agreement (see Chestnut Holdings of N.Y., Inc., v LNR Partners, LLC, 106 AD3d 575 [1st Dept 2013], lv denied 21 NY3d 866 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024