Noto v Planck, LLC (2024 NY Slip Op 03340)

Noto v Planck, LLC

2024 NY Slip Op 03340

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 155149/22 Appeal No. 1889 Case No. 2023-04830 

[*1]Damian Noto, Appellant,
v
Planck, LLC, Doing Business as Patch Media et al., Respondents.

Kaiser Saurborn & Mair, P.C., New York (Daniel J. Kaiser of counsel), for appellant.
Judd Burstein, P.C., New York (Judd Burstein of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about March 21, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims for breach of contract for failing to provide him 75 equity units in defendant Planck, LLC d/b/a Patch Media and 3% of defendant Hawking LLC d/b/a Market News International, unanimously modified, on the law, to deny dismissal of his claim for 75 equity units as against defendant Planck, LLC d/b/a Patch Media, and otherwise affirmed, without costs.
The elements of a cause of action for breach of contract are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). The agreement must be supported by consideration, which consists of either a benefit to the promisor or a detriment to the promisee (see Lebedev v Blavatnik, 193 AD3d 175, 183 [1st Dept 2021]). Consideration may consist of an at-will employee's decision to continue his employment, or to refrain from doing an act that the employee has a legal right to do (see Halliwell v Gordon, 61 AD3d 932, 933-934 [2d Dept 2009]; cf Tierney v Capricorn Investors, LP, 189 AD2d 629 [1st Dept 1993][no consideration for alleged promise to pay employee compensation greater than that set forth in the employment agreement as plaintiff already obliged to continue employment under written employment contract]).
The motion court should have denied defendants' motion to dismiss plaintiff's claim for 75 equity units in Planck, LLC d/b/a Patch Media (Patch) as against Patch. The complaint, supported by plaintiff's affidavit, alleges that plaintiff was promised 75 equity units in Patch by Patch's CEO, in part, as consideration to refrain from leaving his employment with the company. Accepting these allegations as true and according plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), he has sufficiently pled a cause of action against Patch for breach of contract with respect to the 75 equity units in Patch.
However, the motion court properly dismissed plaintiff's claim for 75 equity units in Patch as against defendants Hawking LLC d/b/a Market News International (MNI) and DMEP Corporation d/b/a Hale Global (Hale Global) and his claim for 3% of MNI as against Patch and MNI. As an initial matter, plaintiff failed to raise any arguments on appeal with respect to the motion court's dismissal of these claims (see Shmuklyer v Feintuch Communications, Inc., 158 AD3d 469, 470 [1st Dept 2018]). In any event, the motion court correctly dismissed these claims, as plaintiff did not allege that MNI and Hale Global were parties to the oral agreement for 75 equity units in Patch, and did not allege that Patch and MNI were parties to the oral agreement for 3% of MNI (see Chestnut Holdings of N.Y., Inc., v LNR Partners, LLC, 106 [*2]AD3d 575 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).
The Decision and Order of this Court entered herein on March 19, 2024 is hereby recalled and vacated (see M-2024-01837 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024