Mahar v McDonald (2025 NY Slip Op 00315)

Mahar v McDonald

2025 NY Slip Op 00315

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-06452
 (Index No. 2315/19)

[*1]Kevin Mahar, respondent,
v
Michael McDonald, etc., et al., appellants.

Alex Smith, Middletown, NY, for appellants.
Bottar Law, PLLC, Syracuse, NY (Samantha C. Riggi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated April 19, 2023. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.
In 2019, the plaintiff commenced this action against the defendants, City of Middletown, City of Middletown Police Department (hereinafter MPD), and MPD Officer Michael McDonald, to recover damages for injuries he allegedly sustained when he was bitten by an MPD police dog whose handler was Officer McDonald, a police officer assigned to the MPD K-9 Unit. The incident took place on September 26, 2017, during a training exercise in explosives detection that Officer McDonald and his police dog were attending. The training was conducted by the New York State Homeland Security and Emergency Services at the New York State Preparedness Training Center, owned by the State of New York, and the instructor was a New York City Police Department (hereinafter NYPD) canine instructor. As part of the training, the police dogs were off-leash. The plaintiff, who was participating in a different training event in a different building, entered the building where the explosives detection training exercise was being held and was still in progress when he was bitten by Officer McDonald's police dog.
In November 2022, the defendants moved for summary judgment dismissing the amended complaint, arguing, inter alia, that they did not owe the plaintiff a special duty. In an order dated April 19, 2023, the Supreme Court denied the motion. The defendants appeal.
When a negligence cause of action is asserted against a municipality, and the municipality was exercising a governmental function, a municipality may not be held liable unless it owed a special duty to the injured party (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426; Marino v City of New York, 223 AD3d 888, 889). Such a special duty can arise, as relevant here, where "the municipality took positive control of a known and dangerous safety condition" (Ferreira v City of Binghamton, 38 NY3d 298, 310 [internal quotation marks omitted]). Here, the defendants established, prima facie, that they did not owe a special duty to the plaintiff. There was no evidence that Officer McDonald took positive control of a known and dangerous safety condition [*2]which gave rise to the plaintiff's injuries (see Villa-Lefler v Department of Educ. of the City of N.Y., 227 AD3d 751; Sutton v City of New York, 119 AD3d 851, 852-853; see also Polito v Escorcia, 210 AD3d 510, 511). The defendants established that Officer McDonald was an attendee at a training program conducted by the New York State Homeland Security and Emergency Services at a New York State facility, that he merely participated in the training exercise, and that he took direction from the NYPD canine instructor. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint.
In light of the foregoing, we need not reach the defendants' remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court