Ellis v City of New York

2026 NY Slip Op 02059

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anna Ellis et al., Appellants,

v

The City of New York, et al., Respondents.

Decided and Entered: April 07, 2026

Index No. 157661/21|Appeal No. 6015|Case No. 2024-02765|

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ.

Goldberg Segalla, LLP, New York (Adam S. Katz of counsel), for appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about March 22, 2024, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

This wrongful death action arises from the tragic death of plaintiffs' 20-month-old child from injuries sustained at a nonparty private daycare. The parties agree that a heavy stroller fell on the child after he got out of his playpen while left unattended in the daycare's nap room, which did not have a functioning camera. Plaintiffs assert that defendants, all of which are municipal entities, owed them and their infant child a special duty relating to the operation, management, inspection, supervision, monitoring, control, and enforcement of rules concerning the daycare. Plaintiffs further allege that defendants failed to make certain the daycare had functioning cameras or sufficient staffing, and that prior City inspections had found deficiencies severe enough that defendants scheduled a hearing to determine whether the daycare should be shut down.

Supreme Court properly dismissed the complaint, as plaintiffs failed to adequately plead that defendants owed a special duty to them or to the infant plaintiff, as is necessary to hold a municipal entity liable for negligence (see Ferreira v City of Binghamton, 38 NY3d 298, 309-310 [2022]; Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). First, plaintiffs did not adequately plead that defendants exercised positive direction and control over a known and dangerous condition, or that defendants otherwise took affirmative actions that placed the infant in harm's way (see Ferreira, 38 NY3d at 310). Rather, plaintiffs' theories of liability stem from defendants' inaction or omissions when performing their government oversight functions, rather than from any affirmative action by defendants. Plaintiffs have not clearly alleged that defendants told them that the facility was safe, but instead allege that defendants did not do more to shut down the daycare. Inaction or omissions, however, do not constitute a sufficient basis for a finding of a special duty (see Smullen v City of New York, 28 NY2d 66, 71-72 [1971]; Sutton v City of New York, 119 AD3d 851, 852-853 [2d Dept 2014]).

[*2]

Plaintiffs further argue that defendants exercised positive action in several ways: first, by certifying the daycare as safe despite the finding of violations, giving parents a false sense of security; second, by deciding to keep the facility open and agreeing to a seven-month adjournment in the hearing that would determine the revocation of the daycare's license; third, by deciding to suspend inspections of the daycare facility; and fourth, by removing the facility from its recommendation list. However, these allegations also concern inaction rather than the positive action that would be necessary to find a special duty. Similarly, plaintiffs do not clearly identify an instance in which defendants informed them that the daycare was safe, but instead suggest that any such representation was implied by defendants' inaction. To the extent plaintiffs argue that defendants failed to post or require the daycare to post violation letters, this failure would also constitute inaction rather than positive direction or control.

Plaintiffs also did not adequately plead a special duty on the basis that defendants voluntarily assumed an affirmative duty toward them or the infant plaintiff (see Ferreira, 38 NY3d at 312-313). Plaintiffs acknowledged in their 50-h hearing testimony that neither of them communicated with defendants before the incident. Thus, they could not prove either direct contact with defendants or justifiable reliance on an affirmative undertaking by defendants, each of which must be established under the rubric of voluntary assumption of duty (see id. at 312). Plaintiffs also failed to allege that defendants made any promises or took any actions on their behalf beyond their duty to any other parent or child in need of daycare (see id. at 313; McLean v City of New York, 12 NY3d 194, 201 [2009]).

We have considered plaintiffs' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026