[641 NYS2d 885]

JENAE SCHWARTZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.

Second Department, May 1, 1996

**APPEARANCES OF COUNSEL**

*Michael E. Pressman,* New York City *(Steven H. Cohen* of counsel), for appellant.

## OPINION OF THE COURT

Per Curiam.

This case is governed by the holding of this Court in *Shorten v City of White Plains* (216 AD2d 344) in which the order appealed from merely denied a motion by the defendant City for summary judgment and did not contain a directive that the case proceed to trial. The trial in *Shorten,* although a natural consequence of the order denying summary judgment, was not directed by that order and thus was not automatically stayed pursuant to CPLR 5519 (a) (1) by the service of the City's notice of appeal *(see also, Baker v Board of Educ.,* 152 AD2d 1014; *Walker v Delaware & Hudson R. R. Co.,* 120 AD2d 919; *Young v State of New York,* 213 AD2d 1084).

The alternative branch of the instant motion, which seeks a stay of all proceedings in the Supreme Court pursuant to CPLR 5519 (c) and 2201, misapprehends those sections. CPLR 5519 (c) permits this Court, *inter alia,* to grant a discretionary stay of proceedings to enforce the order or judgment appealed from, or to vacate, limit or modify any automatic stay obtained pursuant to CPLR 5519 (a) or (b). The scope of the stay authorized by subdivision (c) is thus coextensive with the stay authorized by subdivision (a), namely, a stay of enforcement proceedings only, not a stay of acts or proceedings other than those commanded by the order or judgment appealed from *(cf., Baker v Board of Educ.,* 152 AD2d 1014, *supra).*

CPLR 2201 provides that "[e]xcept where otherwise prescribed by law, the court *in which an action [or proceeding] is pending* may grant a stay of proceedings in a proper case, upon such terms as may be just" (emphasis added). It is our view that this section authorizes only courts exercising original civil jurisdiction and not appellate jurisdiction to grant a general stay of proceedings *(see, Rhodes v Mosher,* 115 AD2d 351). There is, however, another broad source of authority for this Court, in the exercise of its appellate rather than original jurisdiction, to grant such a general stay of proceedings in an appropriate case.

We treat the alternative branch of the present motion as one addressed to this Court's inherent power to grant a stay of acts or proceedings, which, although not commanded or forbidden by the order appealed from, will disturb the status quo and tend to defeat or impair our appellate jurisdiction *(see, Matter of Schneider v Aulisi,* 307 NY 376, 383-384; *Matter of Pokoik v Department of Health Servs.,* 220 AD2d 13 [decided herewith]). Under the circumstances of this case, we decline to exercise

our inherent power to grant such a stay and accordingly the motion is denied.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the motion is denied.