■ HARVARD ASSOCIATES, LTD., Appellant, v HAYT, HAYT & LANDAU, Respondent, et al., Defendants. [696 NYS2d 184] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered April 15, 1998, which, after a nonjury trial, was in favor of the defendant Hayt, Hayt & Landau and against it dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

Since 1981 the defendant Hayt, Hayt & Landau (hereinafter Hayt) has been a tenant pursuant to a lease with the defendant The 600 Company, the owner of a building located at 600

Northern Boulevard in Great Neck, Long Island. The managing agent of the building is the defendant Schmergel Enterprises Corp. (hereinafter Schmergel). In the early 1990s, with approximately four years remaining on their lease, Hayt began to renegotiate the lease. On May 23, 1993, subsequent to negotiations with Schmergel, Hayt entered into a brokerage agreement with the plaintiff, Harvard Associates, Ltd. (hereinafter Harvard). Hayt designated Harvard, a corporate real estate broker, as its "exclusive real estate broker". In May 1994, although Harvard expended considerable time and effort in representing Hayt's real estate concerns, Schmergel refused to deal with it or recognize it as a broker for Hayt. On June 1, 1994, Hayt, after direct negotiations with Schmergel, executed a 10-year renewal lease with a rental rate reduced from the terms found in the initial lease.

Contrary to Harvard's contention, the brokerage agreement herein did not constitute an exclusive right to deal or negotiate with a designated party and thus, Hayt was not prohibited from entering into its own direct lease negotiations with the owner. In the absence of an unequivocal expression of intent by its own terms, the brokerage agreement created, at most, an exclusive agency (*see, U.S. No. 1 Laffey Real Estate v Hanna,* 215 AD2d 552; *Curtis Prop. Corp. v Greif Co.,* 212 AD2d 259; *Solid Waste Inst. v Sanitary Disposal,* 120 AD2d 915). Since Harvard was not the procuring cause of the renegotiated lease, it is not entitled to a commission (*see, Greene v Hellman,* 51 NY2d 197; *Hampton Realty v Conklin,* 220 AD2d 385; *Horan Duffy Realty v Brighton,* 216 AD2d 358).

The plaintiff's remaining contentions are without merit. Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur. ·