■ ERGONOMIC SYSTEMS PHILIPPINES INC., Appellant, v CCS INTERNATIONAL LTD., Respondent. [777 NYS2d 446]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered October 29, 2002, which, insofar as appealed from, denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant plaintiff's motion for summary judgment except as to plaintiff's sixth cause of action, as to which the denial of the motion is affirmed, and such cause of

action severed and remanded for further proceedings, without costs. The Clerk is directed to enter judgment for plaintiff against defendant in the principal amount of $75,000, with interest at the statutory rate from December 9, 1997.

In October 1997, plaintiff and defendant entered into an agreement under which plaintiff was to act as the exclusive distributor of defendant's products in the Philippines. The agreement provided that, on October 22, 1997, plaintiff would make a $75,000 deposit payment to defendant, to be credited against the cost of goods to be shipped in the future, and that plaintiff would make additional payments in specified amounts of United States currency on certain future dates, the first such payment being scheduled for January 15, 1998. The agreement provides that it is governed by New York law.

Although plaintiff paid the $75,000 deposit, plaintiff did not make any of the subsequent payments required by the agreement, and defendant never shipped any goods to plaintiff pursuant to the agreement. Plaintiff has commenced this action principally to recover its $75,000 deposit under various theories, including breach of contract. Among other things, plaintiff contends that defendant committed the first material breach of the agreement by entering into an agreement with a third party (Lazatin), dated December 9, 1997, purporting to grant Lazatin the same exclusive Philippine marketing rights that had already been granted to plaintiff. Notably, the agreement between defendant and Lazatin provided that Lazatin would make an immediate $75,000 deposit payment to defendant.

After joinder of issue, plaintiff moved for summary judgment on its claims. The IAS court denied plaintiff's motion, taking the view that defendant's agreement with Lazatin raised "[q]uestions of fact" as to whether defendant was the first to breach the agreement with plaintiff. This was error. The record establishes that defendant committed the first material breach of the exclusive distribution agreement with plaintiff by entering into the December 9, 1997 agreement purporting to grant the same exclusive marketing rights to Lazatin. In this regard, we note that there is no competent evidence in the record to support defendant's assertion that plaintiff breached or repudiated the agreement before the date of defendant's improper agreement with Lazatin.

Since defendant's performance of its obligation to respect plaintiff's exclusive marketing rights was a condition to plaintiff's performance of its remaining duties under the agreement becoming due, plaintiff's performance of such duties (including the duty to make the scheduled payments) did not

become due while defendant was in breach of the agreement by reason of the agreement with Lazatin (*see* Restatement [Second] of Contracts §§ 225, 237). Moreover, by entering into the agreement with Lazatin, defendant effectively repudiated the agreement with plaintiff, thereby discharging plaintiff's remaining contractual duties and giving plaintiff a claim for damages for total breach (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 463 [1998]; *American List Corp. v U.S. News & World Report*, 75 NY2d 38, 44 [1989]; *Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70, 77, 79 [2002], *lv denied* 100 NY2d 504 [2003]; Restatement [Second] of Contracts §§ 250, 253).

In view of the foregoing, plaintiff is entitled to recover its entire $75,000 deposit from defendant. Because defendant did not ship any goods to plaintiff pursuant to the parties' agreement, and, as the first party to commit a material breach, did not "justifiably withhold[ ] delivery of goods," defendant is not entitled to retain any of the deposit pursuant to Uniform Commercial Code § 2-718 (2) (b). Since defendant's material breach and repudiation of the agreement with plaintiff is dispositive of all issues arising under that agreement, we need not address plaintiff's argument that its contractual obligations were discharged under the agreement's force majeure provision due to the economic crisis that arose in the Philippines in December 1997.

Finally, we find that the IAS court correctly denied plaintiff summary judgment as to plaintiff's sixth cause of action, which seeks to recover the $6,400 that plaintiff paid for two allegedly defective voice stress analyzers, or "truth phones," that defendant allegedly sold to it in August 1997. The parties' disputes as to the operating condition of these devices, and as to whether defendant was the vendor of the items, cannot be resolved on the existing record. Accordingly, the sixth cause of action is severed and remanded for further proceedings. Concur—Sullivan, J.P., Lerner, Friedman and Marlow, JJ.