■ STANLEY SALOMON, as Preliminary Executor of CARL LEVINE, Deceased, Appellant, v LAURETTE ANGSTEN et al., Respondents. DAVID FINK, Nonparty Appellant. [797 NYS2d 14]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered March 18, 2004, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint and to confirm the report of the special referee, imposed sanctions against plaintiff and his former counsel, and denied plaintiff's motion to amend an interrogatory response, unanimously affirmed, with costs.

As the motion court held, the parties' letter agreement at most gave plaintiff an exclusive agency, not an exclusive right,

to enter into design licensing agreements on defendants' behalf; therefore, defendants could enter into their own direct negotiations with prospective licensees (*see Harvard Assoc. v Hayt, Hayt & Landau*, 264 AD2d 814 [1999]). The motion court also correctly found that defendants did not frustrate plaintiff's performance (*cf. Ergonomic Sys. Philippines Inc. v CCS Intl. Ltd.*, 7 AD3d 412 [2004]). Indeed, it was plaintiff who repudiated the parties' agreement by insisting upon an untenable interpretation of it (*see IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 92 NY2d 989 [1998], *affg* 245 AD2d 78 [1997]).

The order of reference properly authorized a hearing and recommendations as to whether plaintiff and his attorney had committed perjury, since the court's purpose was not to determine whether there had been prosecutable perjury, but only whether plaintiff and his attorney had made sanctionable false statements (*cf. Matter of Carroll v Gammerman*, 193 AD2d 202, 206 [1993]). The referee did not exceed the scope of the reference, and his findings are substantially supported by the record (*see Vastwin Invs. v Aquarius Media Corp.*, 295 AD2d 216, 217 [2002], *lv dismissed* 99 NY2d 637 [2003]). Notably, the motion court, upon its own review of the record in the referee's hearing, rejected two of the referee's minor findings and expanded upon the bases of others (*see Barrett v Stone*, 236 AD2d 323, 324 [1997]; *Poster v Poster*, 4 AD3d 145 [2004], *lv denied* 3 NY3d 605 [2004]).

The motion to amend the interrogatory response, made two years after the initial response, was properly denied as late, unexcused and prejudicial.

We have considered appellants' other contentions and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.