■ CDR Créances S.A., as Successor to Société de Banque Occidentale, Appellant, v Euro-American Lodging Corporation et al., Respondents, et al., Intervenor-Defendant, et al., Defendants. (Action No. 1.) CDR Créances S.A., as Successor to Société de Banque Occidentale, Respondent, v Euro-American Lodging Corporation, Appellant. (Action No. 2.) [837 NYS2d 609]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered April 12, 2005, dismissing the complaint in the first-captioned action against defendants Euro-American Lodging, Elias and Gama Lodging, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 3, 2005, unanimously dismissed, without costs. Judgments, Supreme Court, New York County (Debra A. James, J.), entered April 19 and October 19, 2005, respectively awarding plaintiff in the second-captioned action the principal sum of $95,837,522, and confirming a Special Referee's report awarding interest in the total sum of $112,159,088.41, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 22, 2005, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

In the action for breach of a pledge agreement and related torts, the motion court properly dismissed the contract claim against defendants who were not parties to the agreement (*see Seaver v Ransom*, 224 NY 233, 237 [1918]), and properly rejected the contention that said nonsignatory defendants were bound because the agreement stated that it was binding on the pledgors' heirs and assigns; the agreement plainly meant heirs and assigns in the capacity of pledgors. The tortious interference cause of action was deficient for failure to allege the required "but for" causation and intent to induce a breach in nonconclusory fashion (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424-425 [1996]), and for failure to connect the entities to the alleged wrongdoing of the individuals and to each other by nonconclusory allegations regarding the claimed alter ego status and control (*see Sheridan Broadcasting Corp. v Small*, 19 AD3d 331 [2005]), or to set forth how the corporate form was used as an instrument of wrongdoing (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). The fraud and conversion causes of action were properly dismissed as duplicative of the contract claim (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [2003]; *Coppola v Applied Elec. Corp.*, 288 AD2d 41 [2001]). The unjust enrichment cause of action was properly dismissed for failure to identify any improper benefit bestowed on Euro-American Lodging, Elias or Gama Lodging (*Prospect Plaza Tenant Assn., Inc. v New York City Hous. Auth.*, 11 AD3d 400, 401 [2004]; *Stephen Pevner, Inc. v Ensler*, 309 AD2d 722, 723 [2003]; *cf. Korff v Corbett*, 18 AD3d 248, 251 [2005]). Plaintiff's argument on this issue is not based on allegations in the complaint or inferences to be fairly drawn therefrom.

The court properly recognized the judgment of the French intermediate appellate court in reasoning that a "ministerial" action pursuant to CPLR 5303 (*see CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215, 222 [2003], *cert denied* 540 US 948 [2003]) does not seek independent relief and does not constitute the type of "vexatious" or "duplicative" litigation that RPAPL 1301 intends to proscribe during the pendency of a foreclosure proceeding (*see Central Trust Co. v Dann*, 85 NY2d 767, 771-772 [1995]); indeed, most of the litigation involving the underlying debt in this instance had already taken place. The report of the Special Referee regarding the interest penalty surcharge was properly confirmed as substantially supported by the record (*see Salomon v Angsten*, 19 AD3d 143 [2005]), consisting of testimony that it was unlikely the French court would grant relief from the surcharge where a corporate debtor in economic distress, such as defendant borrower herein, would probably

never be able to repay the debt. The court properly exercised its discretion in denying the requested stay pending the final outcome of the French appeal, which had been dismissed but was subject to reinstatement, and an application to a European human rights body, as there was no showing of merit to the appeal (*see 64 B Venture v American Realty Co.*, 179 AD2d 374, 375-376 [1992], *lv denied* 79 NY2d 757 [1992]). Our ruling is without prejudice to defendant borrower's application, in whatever forum appropriate, to reduce the judgment and the interest calculated thereon in light of a recent reduction of the principal amount of the French judgment based on a showing that a portion of it is duplicative.

We have considered appellants' other contentions and find them unavailing. Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.