Tax Equity Now NY LLC v City of New York (2019 NY Slip Op 04492)





Tax Equity Now NY LLC v City of New York


2019 NY Slip Op 04492


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9577N 153759/17

[*1] Tax Equity Now NY LLC, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Latham & Watkins, LLP, New York (James E. Brandt of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Joshua M. Sivin of counsel), for City of New York and New York City Department of Finance, respondents.
Letitia James, Attorney General, New York (Seth M. Rokosky of counsel), for State of New York and New York Office of Real Property Tax Services, respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 4, 2018, which, granted defendants' motions for a stay of the proceedings under CPLR 5519(a), (c) pending a determination of the parties' appeal of the court's prior order denying the motion to dismiss filed by the City of New York and New York City Department of Finance and granting in part and denying in part, the motion to dismiss filed by the State of New York and the New York Office of Real Property Tax Services, unanimously affirmed, without costs, on the basis of this Court's inherent authority to grant a discretionary stay of proceedings pending appeal, rather than pursuant to CPLR 5519(a) or (c).
The court should not have granted the City defendants' motion for a stay of the proceedings under CPLR 5519(a)(1). The filing of a notice of appeal of an order denying a motion to dismiss does not trigger the automatic stay with respect to litigation obligations provided for in the CPLR, such as the obligation to answer and comply with discovery requests. We disavow our decision in Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth. (79 AD2d 516 [1st Dept 1980]) to the extent it suggests otherwise. While the automatic stay applies to stay "proceedings to enforce the judgment or order appealed from pending the appeal," which include executory directions that command a person to do an act beyond what is required under the CPLR, the automatic stay does not extend to matters that are the "sequelae" of granting or denying relief (Matter of Pokoik v Department of Health Servs. of County of Suffolk , 220 AD2d 13, 15 [2d Dept 1996]). The inclusion in an order of affirmative directives on matters addressed in the CPLR does not trigger the stay as to the CPLR obligations.
The court also should not have granted the State defendants a discretionary stay under CPLR 5519(c). As defendants are not entitled to an automatic stay of their CPLR obligation to answer and provide discovery pending appeal of the order denying the motion to dismiss, no discretionary stay is available under CPLR 5519(c), as the scope of this discretionary stay is "coextensive" with the automatic stay, and applies only to provide non-governmental parties with the opportunity to stay proceedings to enforce the judgment or order appealed from pending the appeal (see Schwartz v New York City Hous. Auth. , 219 AD2d 47, 48 [2d Dept 1996]). However, we exercise our inherent authority to grant a discretionary stay of the proceeding pending appeal for the same substantive reasons given by the trial court in issuing the stay to the State defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK