Wiesen v Verizon Communications, Inc. (2020 NY Slip Op 02965)





Wiesen v Verizon Communications, Inc.


2020 NY Slip Op 02965


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11533 654956/16

[*1] Jeremy Wiesen also known as Jeremy Weisen, Plaintiff-Appellant,
v
Verizon Communications, Inc., Defendant-Respondent.


Heerde Blum LLP, New York (Collin J. Cox of counsel), for appellant.
Spears & Imes LLP, New York (Linda Imes and Reed M. Keefe of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about October 1, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Verizon Communications Inc. (Verizon) to dismiss plaintiff's claim for tortious interference with contract, unanimously affirmed, without costs.
To support a tortious interference claim, New York law requires that the contract would not have been breached "but for" the defendant's conduct (Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]; CDR Creances S.A. v Euro-American Lodging Corp., 40 AD3d 421, 422 [1st Dept 2007]). Here, the complaint contains no specific allegations to this effect.
Furthermore, it follows that if the alleged underlying breach occurs before the claimed "inducement" by a defendant, the inducement "could not have been the but for' cause of [the] purported breaches" (North Star Contr Corp. v MTA Capital Constr. Co., 120 AD3d 1066, 1071 [1st Dept 2014]; Cantor Fitzgerald Assoc. v Tradition N. Am., 299 AD2d 204 [1st Dept 2002], lv denied 99 NY2d 508 [2003]). Plaintiff makes only conclusory allegations in an effort to establish that Verizon knew about the underlying agreements before nonparty Ram Telecom International, Inc. is alleged to have breached them.
We have considered plaintiff's remaining contentions and
find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK