Doe v Archdiocese of N.Y. (2025 NY Slip Op 51510(U))

[*1]

Doe v Archdiocese of N.Y.

2025 NY Slip Op 51510(U)

Decided on September 25, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Supreme Court, New York County

John Doe, Plaintiff,

against
Archdiocese of New York, OUR LADY OF MOUNT CARMEL SCHOOL, Defendant.

Index No. 950208/2019

For Plaintiff: Jeffrey Herman, Esq. and Jenny Rossman, Esq., Herman Law, 475 Fifth Avenue, 17th Floor, New York, NY 10017.
For Defendant Archdiocese of New York: Matthew Lampert, Esq., Rivkin Radler LLP, 926 RXR Plaza, Uniondale, NY 11556.
For Defendant Our Lady of Mount Carmel Church and School: Kenneth Ross, Esq., Della Jacono & Ross PLLC, 399 Knollwood Road, Suite 207, White Plains, NY 10603.

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161 were read on this motion for STAY.
Defendant Archdiocese of New York ("Archdiocese") moves by Order to Show Cause for an interim stay of the trial of this matter, scheduled to commence on October 6, 2025, and a stay of the trial pending the determination of its appeal to the Appellate Division, First Department, from a decision and order dated June 4, 2025, which denied the Archdiocese's motion for summary judgment. The Archdiocese invokes CPLR § 2201 and CPLR § 5519(c), asserting that the trial should be stayed to avoid inconsistent adjudications, unnecessary expenditure of judicial resources, and potential prejudice should its appeal be decided after trial has commenced.
BACKGROUND AND PROCEDURAL HISTORY
This action, brought under CPLR § 214-g, arises from allegations of childhood sexual abuse committed by an alleged janitor and assistant basketball coach at Our Lady of Mount Carmel School between approximately 1989 and 1991. Plaintiff commenced the action on November 8, 2019.
Following the completion of discovery, the Archdiocese moved for summary judgment, which was denied by a decision and order of this court (Silvera, J.) dated June 4, 2025, and entered June 12, 2025. The Archdiocese filed its notice of appeal on June 13, 2025, submitted its Appellant's Brief on July 7, 2025, and oral argument before the Appellate Division, First Department, took place on September 24, 2025.
On September 23, 2025, more than three months after the notice of appeal, the Archdiocese filed the instant Order to Show Cause seeking to stay the trial, asserting that appellate review is imminent and that proceeding to trial before the Appellate Division, First Department, rules would cause undue prejudice and waste judicial resources.
Plaintiff opposes, arguing that the request is both procedurally defective and substantively meritless, and that a stay would cause severe prejudice, undermine the legislative mandate for prompt adjudication of Child Victims Act ("CVA") claims, and reward Defendants' pattern of delay.

ARGUMENTS
The Archdiocese contends that CPLR § 2201 vests this court with broad discretion to stay proceedings where the interests of justice and judicial economy so require. Citing cases such as Uptown Healthcare Mgmt., Inc. v. Rivkin Radler LLP, 116 AD3d 631 (1st Dept 2014), and Asher v. Abbott Labs., 307 AD2d 211 (1st Dept 2003), the Archdiocese argues that a stay is appropriate here to avoid duplication of effort, waste of judicial resources, and inconsistent rulings.
The Archdiocese further argues that CPLR § 5519(c) empowers this court to stay proceedings pending appeal, and that given the recent oral argument, a stay is both appropriate and necessary to prevent prejudice and irreparable harm. Without a stay, it argues, its statutory right to appellate review of the denial of summary judgment would be undermined if trial proceeds to verdict before the appeal is resolved.
Plaintiff opposes, contending that the denial of summary judgment does not constitute a judgment or order enforceable under CPLR § 5519(c), and that no "proper case" exists under CPLR § 2201 to justify a stay.
Plaintiff notes that the appeal lacks merit given abundant evidence of triable issues of fact and the Appellate Division, First Department's comments during oral argument confirming the correctness of Justice Silvera's ruling. Plaintiff further argues that the equities weigh heavily against a stay, given that CVA actions are legislatively mandated to proceed expeditiously, while Defendants' repeated eleventh-hour delay tactics have already caused Plaintiff undue prejudice and emotional harm.

 DISCUSSION
The court has carefully considered the parties' submissions and the governing law. For the reasons set forth below, the motion is denied.
[*2]I. Stay under CPLR § 5519(c)
CPLR § 5519(c) provides that the court from which an appeal is taken "may stay all proceedings to enforce the judgment or order appealed from pending an appeal." The provision contemplates situations in which a party seeks to forestall enforcement of a judgment or order while an appeal is pending. Here, the Archdiocese appeals from the denial of its motion for summary judgment. That order does not compel or enforce any act, nor does it direct entry of judgment. As the Appellate Division, Second Department, held in Schwartz v. New York City Hous. Auth., 219 AD2d 47 (2d Dept 1996), CPLR § 5519(c) does not extend to mere interlocutory rulings that do not direct enforcement. Similarly, in Shorten v. City of White Plains, 216 AD2d 344 (2d Dept 1995), the Appellate Division, Second Department, confirmed that a denial of dispositive relief is not an order enforceable within the meaning of CPLR § 5519(c).
Accordingly, the Archdiocese's reliance on CPLR § 5519(c) is misplaced. The denial of summary judgment simply permits the action to proceed to trial; it is not a judgment or enforceable order that may be stayed under this provision.
II. Stay under CPLR § 2201
CPLR § 2201 allows a court to stay proceedings "in a proper case, upon such terms as may be just." The statute invests broad discretion, but the exercise of that discretion must be guided by considerations of fairness, judicial economy, and prejudice. While the Archdiocese points to cases where courts granted discretionary stays to avoid duplicative litigation or inconsistent adjudications (Uptown Healthcare Mgmt., Inc., supra; OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co., 96 AD3d 541 [1st Dept 2012]), those cases involved circumstances materially distinguishable from the present one.
Here, the Archdiocese argues that the appeal is "imminent," and therefore judicial resources would be wasted should trial proceed before a ruling is issued. This argument is speculative. The appellate process—even after oral argument—does not guarantee a swift decision. The Appellate Division, First Department, may issue its ruling weeks or months after argument, and this court declines to halt proceedings indefinitely in the hope of a prompt appellate resolution.
Moreover, the balance of equities strongly disfavors a stay. Plaintiff brings claims under the CVA, legislation enacted to ensure timely adjudication of survivors' claims long barred by statutes of limitation. Granting a stay would delay trial of claims already decades old, frustrating the statute's remedial purpose. The prejudice to Plaintiff from further delay is concrete, while the asserted prejudice to the Archdiocese is speculative. If the Appellate Division, First Department, reverses, corrective relief remains available, but to foreclose Plaintiff's day in court pending such review would work an inequity inconsistent with both legislative intent and judicial economy.
The court further notes that the Archdiocese's claim of "irreparable harm" is unavailing. An interlocutory appeal is part of the litigation process, and the possibility that trial may proceed before its resolution does not constitute irreparable injury. As the Appellate Division, First Department, has recognized, "[c]ourts have the inherent power, and indeed responsibility, to control their calendars and to supervise the course of litigation before them" (Matter of Grisi v. Shainswit, 119 AD2d 418, 421 [1st Dept 1986]). That responsibility counsels against halting trial preparation absent compelling justification, which is not present here. Likewise, "if the trial and [*3]disposition of cases were to be deferred routinely pending appellate review of interlocutory orders the system would collapse of its own weight" (id.). Stays are therefore sparingly granted, and only where exceptional circumstances justify interrupting the trial calendar. That is not the case here.
III. Absence of Merit to the Appeal
A key factor in deciding whether to grant a stay is the likelihood of success on appeal (People of the State of New York v. Northern Leasing Sys., Inc., 2018 WL 2321907 [Sup Ct, NY County 2018], aff'd 169 AD3d 527 [1st Dept 2019]). Here, the Archdiocese has failed to show that its appeal has merit. Justice Silvera correctly found disputed issues of fact as to control, notice, and agency, issues well-established by precedent to be jury questions. Indeed, during oral argument, members of the Appellate Division, First Department, panel remarked that such questions could not be resolved as a matter of law, further confirming the weakness of the Archdiocese's appellate posture.
Where the moving party cannot demonstrate a likelihood of success on appeal, a stay is inappropriate (CDR Creances S.A. v. Euro-American Lodging Corp., 40 AD3d 421, 423 [1st Dept 2007]).
IV. Judicial Economy and Fairness
The equities overwhelmingly favor Plaintiff. CVA cases are entitled to trial priority under CPLR § 3403(7), and 22 NYCRR § 202.72 directs courts to expedite these matters in recognition of the Legislature's remedial purpose. Plaintiff filed this action in 2019, and has since endured myriad delays. Most recently, Defendants delayed Plaintiff's filing of the note of issue by more than a year through an unsuccessful appeal of a discovery order. The instant motion, filed on the eve of appellate oral argument and less than two weeks before trial, continues this pattern of delay.
In contrast, the Archdiocese faces no irreparable injury should trial proceed. Even if the Appellate Division, First Department, were to reverse in part, corrective relief remains available. The only claimed prejudice is financial expense, which is insufficient to justify depriving Plaintiff of his statutory right to an expedited trial.
Far from conserving judicial resources, a stay would invite piecemeal adjudication and undermine the orderly progression of trial-ready cases. The Legislature, in enacting CPLR § 214-g, expressed an intent that CVA cases proceed expeditiously. Staying this matter pending appeal—on the eve of trial—would contravene that directive and unduly burden Plaintiff with further delay.
The appellate process, even after oral argument, does not guarantee a prompt decision. To halt trial indefinitely on the speculation that a ruling is imminent would compromise this court's duty to manage its calendar responsibly and to ensure timely adjudication of cases, particularly those given statutory priority.
Having considered the parties' submissions and applicable law, the court finds no basis to grant the Archdiocese's motion under CPLR § 5519(c) or CPLR § 2201. The appeal presents no likelihood of success, the equities overwhelmingly favor Plaintiff, and a stay would contravene both legislative intent and this court's obligation to promote the timely resolution of CVA cases.
For the foregoing reasons, the court finds no basis to grant the requested stay under CPLR § 5519(c) or CPLR § 2201.
Accordingly, it is hereby
ORDERED that the Archdiocese's motion for a stay of trial proceedings pursuant to CPLR § 2201 and § 5519(c) is denied in its entirety; and it is further
ORDERED that the parties shall proceed to trial as scheduled on October 6, 2025.
This constitutes the decision and order of the court.
DATE 9/25/2025
HASA A. KINGO, J.S.C.