**WeWork Cos. LLC v Parkmerced Holdings Subsidiary LLC**

2026 NY Slip Op 31006(U)

March 16, 2026

Supreme Court, New York County

Docket Number: Index No. 651708/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

WEWORK COMPANIES LLC, AS SUCCESSOR IN
INTEREST TO WEWORK COMPANIES INC.,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 651708/2020 |

Plaintiff,

| **MOTION DATE** | - |
|---|---|

- v -

| **MOTION SEQ. NO.** | 006 |
|---|---|

PARKMERCED HOLDINGS SUBSIDIARY LLC,
PARKMERCED INVESTORS, LLC, and JOHN DOES 1
THROUGH 10,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 215, 216, 217, 218,
219, 220, 312

were read on this motion to/for              REARGUMENT/RECONSIDERATION              .

Plaintiff WeWork Companies LLC (WeWork) moves pursuant to CPLR 2221(d)

for reargument of the court's July 12, 2024 Decision on two grounds: (1) the court failed

to apply the law of restitution to WeWork's claim for breach of the Exclusivity Provision[1]

and (2) the court mistakenly marked the case disposed when, in fact, WeWork's claim

for breach of one of the four trigger provisions –the ground that WeWork was ready

willing and able to close but Parkmerced was not (¶ iii) -- survived defendants' motion

for summary judgment.  (NYSCEF Doc. No. [NYSCEF] 209, July 12, 2024 Decision.)

A motion for leave to reargue pursuant to CPLR 2221 "shall be based upon

matters of fact or law allegedly overlooked or misapprehended by the Court in

determining the prior motion."  (CPLR 2221 [d] [2].)  However, "[r]eargument is not

designed to afford the unsuccessful party successive opportunities to reargue issues

---

[1] The court adopts defined terms in the term sheet and from prior decisions.

**651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS**
**Motion No.  006**
Page 1 of 7

1 of 7

previously decided … or to present arguments different from those originally asserted." (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal citations omitted].)  The movant bears the initial burden on a motion to reargue a prior decision pursuant to CPLR 2221.  (*See id.*)

WeWork paid Parkmerced an exclusivity fee of $20 million for the right to negotiate a $450 million investment in a residential development in San Francisco, California.  (NYSCEF 29, Amended Complaint ¶¶ 1,18.)

The July 12, 2024 decision resolved both summary judgment motions: WeWork's motion 003 for partial summary judgment on the Exclusivity Provision and Parkmerced Holdings Subsidiary LLC and Parkmerced Investors, LLC's (together, Parkmerced) motion 004 to dismiss WeWork's action in its entirety.  (NYSCEF 209, July 12, 2024 Decision.)

In motion 004, Parkmerced moved to dismiss WeWork's two contract claims against Parkmerced: (1) that WeWork was ready willing and able to close but Parkmerced was not because the predicate Natixis refinancing failed to close by October 31, 2018 which triggered the refund provision (¶ iii)  (RWA Claim) and (2) that Parkmerced's negotiations with Ascent violated the exclusivity provision which triggered a refund of the $20 million to WeWork (Exclusivity Breach).  The court denied Parkmerced's motion 004 but mistakenly marked the decision "case disposed."  (*Id.* at 13.)

As to WeWork's partial summary judgment motion 003,[2] the court found that Parkmerced breached the Exclusivity Provision.  However, the court denied WeWork's

_____

[2] WeWork did not move for summary judgment on its "ready, willing and able" claim.

651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS
Motion No.  006

Page 2 of 7

[* 2]

requested damages -- refund of the $20 million Exclusivity Fee -- because ParkMerced's breach of the Exclusivity Provision is not one of the four trigger provisions for such a refund in the term sheet that is otherwise nonbinding. (NYSCEF 209, Decision at 10/13.[3]) Rather, the court found that WeWork's restitution theory circumvented the clear term sheet which allows return of the $20 million Exclusivity Fee in four limited instances. (*Id.* at 11.)

Both parties rightly criticize the court for marking the case disposed. Parkmerced[4] also objects to the court's failure to address Parkmerced's motion to dismiss WeWork's RWA Claim.[5] The court denied Parkmerced's motion without explaining that it was an issue of fact as to whether WeWork was in fact ready, willing, and able to close the transaction. (NYSCEF 209, July 12, 2024 Decision.) Clearly, the case was not disposed since WeWork's RWA Claim survived and WeWork's attorneys' fees claim was sent to a Special Referee. (*Id.* at 12-13.) At argument on this motion on the record, the court granted WeWork's motion 006 to the extent the case is restored to the calendar. (NYSCEF 312, tr 2:11-22.) Accordingly, WeWork's motion for reargument is properly granted on this basis.

While the court reconsiders WeWork's second argument for reargument, WeWork's motion for summary judgment on the refund of the Exclusivity Fee based on Parkmerced's breach is denied, again. WeWork asserts that since the court found

---

[3] NYSCEF pagination.

[4] Oddly, WeWork overlooks Parkmerced's motion to dismiss the RWA Claim.

[5] However, Parkmerced did not move for relief from the July 12, 2024 decision (NYSCEF 209) and thus the court will not consider Parkmerced's request to reconsider this court's decision denying Parkmerced's motion for summary judgment to dismiss WeWork's Complaint in its entirety. Parkmerced made this request for the first time at argument on WeWork's Motion 06 to reargue. (NYSCEF 312, tr 3:2-4:2:6:24-7:8.)

651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS          Page 3 of 7
   Motion No.  006

[* 3]

Parkmerced breached the Exclusivity Provision of the term sheet, the court's denial of damages, except attorneys' fees, was based on the court's misapprehension of the law of restitution.

Since the court held that Parkmerced materially breached the Exclusivity Provision, WeWork would be entitled to restitution damages including the $20 million Exclusivity Fee. (RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 37 (2011), Comment a [Restitution is "an alternative remedy for breach of contract that is sometimes called 'restitution' but is more easily recognized under the name 'rescission.'"]). "The plaintiff entitled to a remedy for material breach or repudiation potentially chooses between damages, specific performance, and rescission, electing the remedy that promises the most favorable recovery at the lowest cost." (*Id*. § 54, Comment a.) Parkmerced breached first, repudiating the Exclusivity Provision which relieved WeWork of its obligations, if any, under the nonbinding term sheet. (See *Ergonomic Sys. Philippines Inc. v CCS Int'l Ltd.,* 7 AD3d 412, 413–14 [2004] ["Since defendant's performance of its obligation to respect plaintiff's exclusive marketing rights was a condition to plaintiff's performance of its remaining duties under the agreement becoming due, plaintiff's performance of such duties (including the duty to make the scheduled payments) did not become due while defendant was in breach of the agreement by reason of the [other exclusive] agreement with Lazatin."].) Here, the only provision that survives the nonbinding term sheet provides that the Exclusivity Fee will be refunded to WeWork in four instances, one of which is Parkmerced's "(i) …fraud, gross negligence or willful misconduct," not breach of contract. (*See N. Star Contracting Corp. v City of New York*, 203 AD2d 214, 215 (1st Dept 1994) ["Although

651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS
Motion No. 006

Page 4 of 7

4 of 7

[* 4]

such a no-damage-for-delay clause will not preclude recovery for damages resulting from the City's intentional wrongdoing, gross negligence or willful misconduct."]) However, in the term sheet, the parties limited such a refund of the Exclusivity Fee to four instances, not including breach of the Exclusivity Provision itself. "Such clauses [limiting damages] have been found valid and preclude recovery of damages resulting from a broad range of reasonable and unreasonable conduct, where, as here, the conduct was specifically contemplated by the parties when they entered into the agreement." (*N. Star Contracting Corp*, 203 AD2d at 214–15.) While the record is silent as to why these sophisticated parties limited the refund of the Exclusivity Fee to these four instances, based on the four instances for refund, the court cannot find that the parties did not contemplate which conduct should trigger a refund.

This decision is consistent with the Appellate Division's affirmance of dismissal of the related action *Parkmerced Invs., LLC v WeWork Companies LLC*, 217 AD3d 531 (2023) on WeWork's motion to dismiss.[6] Significantly, the court affirmed that the term sheet is not binding except for the trigger provisions pursuant to which the Exclusivity Fee is refunded to WeWork; otherwise, it is not refundable. (*Id*.) Parkmerced's claims did not fall under any of the four provisions which all pertain to refunding the Exclusivity Fee to WeWork. Although WeWork's claims are not mirror images of Parkmerced's claims, the Appellate Division's decision dictates that refund is not a remedy for Parkmerced's breach of the Exclusivity Provision because it is not one of the four limited instances when the Exclusivity Fee can be refunded.

---

[6] In this case, the court dismissed WeWork's unjust enrichment claim. (NYSCEF 58, Decision on motion 001.) WeWork did not appeal.

651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS
Motion No.  006

Page 5 of 7

The court's mistake was in overlooking WeWork's remaining RWA Claim which proceeds, unlike Parkmerced's claims, because it falls under the term sheet's four surviving refund provisions. It did not overlook the law on restitution; the court rejected WeWork's argument and does so again today

Accordingly, it is

ORDERED that WeWork's motion for reargument is granted to the extent that the action is restored to the calendar for trial on WeWork's RWA Claim and otherwise denied; and it is further

ORDERED that the General Clerk's Office is directed to restore this action to the court's calendar; and it is further

ORDERED that WeWork shall serve a copy of this order with notice of entry in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website – www.nycourts.gov/supctmanh) upon the Clerk of the General Clerk's Office; and it is further

ORDERED that by March 30, 2026 parties shall review the Part 48 Trial Procedures and submit a list of witnesses and estimates for how long each witness will testify considering that it will be a bench trial (NYSCEF 62, Note of Issue); and it is further

651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS
Motion No.  006

Page 6 of 7

[* 6]

ORDERED that the court will hold the trial scheduling conference on April 1, 2026, at which the court will either set a briefing schedule for motions in limine or a trial date.

|  |  |
|---|---|
| **3/16/2026** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651708/2020   WEWORK COMPANIES LLC, AS vs. PARKMERCED HOLDINGS**
**Motion No.  006**

Page 7 of 7

[* 7]